ADANTÉ D. POINTER, ESQ., SBN 236229
PATRICK M. BUELNA, ESQ., SBN 317043
TY CLARKE, ESQ., SBN 339198
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Suite 208,
Oakland, CA 94607
Tel: 510-929-5400
Website: www.LawyersFTP.com
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com
Email: TClarke@LawyersFTP.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FRANK STERLING, an individual;<br><br>        Plaintiff,<br>v.<br><br>CITY OF ANTIOCH, a municipal corporation; TAMMANY BROOKS, in his individual capacity as the Chief of Police of the Antioch Police Department; and DOES 1-50, inclusive.<br><br>        Defendants. | Case No.:<br><br><u>COMPLAINT FOR DAMAGES</u><br>(42 U.S.C. § 1983)<br><br><u>JURY TRIAL DEMANDED</u> |

## INTRODUCTION

1. On September 17, 2021, Plaintiff Frank Sterling and other non-violent demonstrators protested the public retirement part of the controversial Antioch Chief of Police Tammany Brooks. Mr. Sterling and his fellow protesters were then confronted by an aggressive group of police supporters who were seemingly hell-bent on initiating a fight.

2. Numerous Antioch Police Officers observed the police supporters escalate the situation yet continued to treat Mr. Sterling and his fellow peaceful protesters as the only threat, standing alongside the police supporters as they hurled insults and threats.

3. A physical altercation then broke out between one of Mr. Sterling's fellow protesters and a police supporter. The officers on scene unsurprisingly targeted the protester, roughly grabbing her and putting her under arrest while leave the police supporter alone. Worried, Mr. Sterling decided to record this biased attack on a peaceful protester.

4. While Mr. Sterling was recording, he bumped into two yet-to-be-identified Antioch Police Officers as he tried to capture what appeared to be an unlawful arrest and use of force. The officers then tackled Mr. Sterling to the ground while he continued to record. Five other yet-to-be-identified Antioch Police Officers joined their colleagues, dragging the compliant Mr. Sterling face-down on the ground and twisting his legs in a manner that seemed solely intended to cause harm.

5. Despite the fact that Mr. Sterling was a compliant non-violent protester already on the ground and under the control of numerous officers, one yet-to-be-identified officer maliciously elected to Taser Mr. Sterling twice. There was no legitimate justification for this troubling instance of police violence against an unarmed and non-violent protester.

## JURISDICTION

6. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and

1343. The unlawful acts and practices alleged herein occurred in Antioch, California, which is within this judicial district.

## PARTIES

7. Plaintiff FRANK STERLING sues in his individual capacity. Plaintiff is a citizen of the United States and a resident of California.

8. Defendant CITY OF ANTIOCH is a municipal entity duly organized and existing under the laws of the State of California that manages and operates the CITY OF ANTIOCH POLICE DEPARTMENT and trains, supervises, and employs its officers.

9. Defendant TAMMANY BROOKS was, and at all times mentioned herein is, the Chief of Police of the Antioch Police Department.

10. Plaintiff is ignorant of the true names and/or capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said Defendants by such fictitious names. Plaintiff will amend this complaint to allege the true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE Defendants is legally responsible and liable for the incident, injuries, and damages hereinafter set forth. Each Defendant proximately caused injuries and damages because of his/her negligence, breach of duty, negligent supervision, management or control, and violation of public policy.  Each Defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.  Plaintiff will ask leave to amend this complaint subject to further discovery.

11. In doing the acts alleged herein, Defendants, and each of them, acted within the course and scope of their employment for the CITY OF ANTIOCH.

//

//

# FACTUAL ALLEGATIONS

12. On the afternoon of September 17, 2021, Frank Sterling was one of a few peaceful demonstrators protesting at the public retirement party of controversial Antioch Police Defendant Tammany Brooks, at Williamson Ranch Park in Antioch, California.

13. Mr. Sterling and his fellow protesters were then confronted by an aggressive, threatening group of police supporters. These police supporters yelled at the peaceful protesters and continued to attempt to escalate the situation. There were approximately five to six protesters including Mr. Sterling compared to approximately 20 police supporters.

14. On information and belief, numerous uniformed Antioch Police Officers on the scene began monitoring the situation in a biased manner. They stood next to the police supporters or with their backs to them, clearly signaling to everyone in attendance that the police's only intention at that moment was to target and intimidate the protesters.

15. Predictably, the police supporters' many efforts to escalate the situation led to an altercation breaking out between a protester and police supporter. Unsurprisingly, multiple Antioch Police Officers targeted the protester, manhandling her as they arrested her while simultaneously allowing the police supporter to go free.

16. Mr. Sterling began recording the event to show the Antioch Police Department's biased and unnecessarily physical arrest of a peaceful protester. Mr. Sterling bumped into two yet-to-be-identified Antioch Police Officers while attempting to film the interaction. These Defendant Doe Officers then grabbed Mr. Sterling—who never threatened officers and was only filming the encounter—and gang-tackled him to the ground before shoving Mr. Sterling's face into the grass.

17. Five other yet-to-be identified Antioch Police Officers ran over to their colleagues and joined them in piling on top of Mr. Sterling. Mr. Sterling did not resist the officers, yet they repeatedly yelled at him to stop resisting as a pretense to continue their assault on him. The Doe

Defendant Officers dragged Mr. Sterling through the grass while he had his face in the grass while simultaneously twisting his legs in a violent and unnecessary manner that seemed intended to harm Mr. Sterling rather than serve any legitimate law enforcement purpose.

18. These yet-to-be-identified Doe Defendant Officers of the Antioch Police Department inflicted serious emotional distress and physical injuries upon Mr. Sterling.

**Monell Allegations**

19. On information and belief, these Antioch Police Officers targeted the peaceful protesters at the instruction of Defendant Brooks and his high-ranking colleagues in the Antioch Police Department that had planned the party because the protesters were disrupting Defendant Brooks' retirement celebration.

20. The Antioch Police Department has a troubling recent history of systemic unlawful conduct. Currently, 14% of Antioch Police Officers are under investigation by the Federal Bureau of Investigations and the Contra Costa County District Attorney for criminal activity.[1]

21. On information and belief, the Defendant Doe Officers' violations of Mr. Sterling's constitutional rights was motivated by the Antioch Police Department's culture of lack of accountability for officers who engage in unlawful conduct.

**DAMAGES**

22. As a proximate result of the actions of the Defendants, Plaintiff suffered a violation of his First and Fourth Amendment rights. Plaintiff suffered physical injury, emotional distress, fear, terror, anxiety, humiliation, and the loss of his sense of security, dignity, and pride as a United States citizen.

23. The conduct of Defendants was malicious, wanton, and oppressive. Plaintiff is therefore entitled to an award of punitive damages against the individual Defendants.

---

[1] https://www.ktvu.com/news/mayor-says-10-of-antioch-police-department-under-investigation

# CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**(First Amendment—Retaliatory Arrest & Force)**
*(Plaintiff against Defendant DOES 1-50)*

24. Plaintiff hereby re-alleges and incorporates by reference, each and every paragraph of this Complaint.

25. At all times relevant herein, Plaintiff had a right to free speech, assembly, and to protest police action as afforded and provided by the First Amendment and protected against retaliation by the same and 42 U.S.C. § 1983.

26. Upon information and belief, Defendants chose to and/or used excessive force to prevent Plaintiff from exercising his right to document public protests and in retaliation for his presence at the protest and right to protest police action.

27. As a result of their misconduct, Defendants are liable for Plaintiff's physical, mental and emotional injuries as well as his pecuniary losses, either because they were integral participants, or because they failed to intervene to prevent these violations.

WHEREFORE, Plaintiff prays for relief as herein set forth.

**SECOND CAUSE OF ACTION**
**(Fourth Amendment—Excessive Force)**
*(Plaintiff against Defendant DOES 1-50)*

28. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

29. When Defendant DOES 1-50 beat, tased, and seriously injured Mr. Sterling without reason, legal justification or threat, the yet-to-be-identified officers used unreasonable force, thereby depriving Mr. Sterling of his right to be secure in his person against unreasonable searches and seizures as guaranteed to Mr. Sterling under the Fourth Amendment of the United States Constitution. Moreover, none of Mr. Sterling's behavior warranted violence or force. Mr. Sterling did not pose

any threat to Defendant DOES 1-50 and attempted to comply with them once he was violently taken to the ground.

30. Defendant DOES 1-50 did not have a lawful basis to use force against Mr. Sterling, which is in violation of their training and Mr. Sterling's constitutional rights under the Fourth Amendment.

31. As a result of the misconduct, Defendant DOES 1-50 are liable for Mr. Sterling's injuries.

WHEREFORE, Plaintiff prays for relief as herein set forth.

### THIRD CAUSE OF ACTION
**(Supervisory and Municipal Liability for Unconstitutional Custom or Policy (*Monell*)—42 U.S.C. section 1983)**
*(Plaintiff against Defendants CITY, BROOKS, and DOES 1-50)*

32. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

33. Plaintiff is informed and believes and thereon alleges that high ranking CITY OF ANTIOCH officials, including Defendant BROOKS and DOES 1-50, and/or each of them, knew and/or reasonably should have known about acts of misconduct by Defendants, and DOES 1-50, and/or each of them. High-ranking officials, including Defendant BROOKS and/or DOES 1-50, instructed Defendant Doe Officers to target a group of protesters lawfully exercising their First Amendment rights because they were protesting the Antioch Police Department and Defendant BROOKS.

34. Plaintiff is informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the Defendant Doe Officers' conduct, Defendant BROOKS and DOES 1-50, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of Plaintiff's rights as alleged herein.

35. As against Defendants CITY OF ANTIOCH, BROOKS, and/or DOES 1-50 in his/her/their capacity as police officer(s) for the CITY OF ANTIOCH, Plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct within the CITY OF ANTIOCH Police Department tantamount to a custom, policy, or repeated practice of permitting, condoning, and tacitly encouraging the abuse of police authority, disregard for the constitutional rights of citizens, and unlawful conduct.

36. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants CITY OF ANTIOCH and DOES 1-50 as described above, Plaintiff sustained serious injuries and is entitled to damages, penalties, costs and attorneys' fees as set forth above.

WHEREFORE, Plaintiff prays for relief as herein set forth.

## JURY DEMAND

37. Plaintiff hereby demands a jury trial in this action.

## PRAYER

Wherefore, Plaintiffs prays for relief as follows:

1. For general damages in a sum according to proof;
2. For special damages in a sum according to proof;
3. For punitive damages against yet-to-be identified DOES 1 – 50;
4. All other damages, penalties, costs, interest, and attorney fees as allowed by 42 U.S.C. §§1983 and 1988, and as otherwise may be allowed by federal law against Defendants.
5. For cost of suit herein incurred; and
6. For such other and further relief as the Court deems just and proper.

Dated: November 14, 22

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE

/s/ Ty Clarke
Ty Clarke
Attorney for PLAINTIFF

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Ste 208, Oakland, CA 94607

PLAINTIFF's COMPLAINT FOR DAMAGES
STERLING V. CITY OF ANTIOCH, et al.