PATRICK MORIARTY, State Bar No. 213185
pmoriarty@cmtrlaw.com
JOHN ROBINSON, State Bar No. 297065
jrobinson@cmtrlaw.com
JOANNE TRAN, State Bar No. 294402
jtran@cmtrlaw.com
CASTILLO, MORIARTY, TRAN & ROBINSON
75 Southgate Avenue
Daly City, CA  94015
Telephone:      (415) 213-4098

Attorneys for Defendants
CITY OF ANTIOCH and TAMMANY BROOKS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK STERLING, an individual;<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ANTIOCH, a municipal corporation; TAMMANY BROOKS, in his individual capacity as the Chief of Police of the Antioch Police Department; and DOES 1- 50, inclusive.<br><br>Defendants. | Case No. 3:22-cv-07558-TSH<br><br>**DEFENDANTS CITY OF ANTIOCH AND TAMMANY BROOKS' NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT (F.R.C.P. 12(B)(6)) OR, IN THE ALTERNATIVE, STRIKE THE COMPLAINT (F.R.C.P. 12(F)); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Magistrate Judge Thomas S. Hixson<br><br>Date: March 30, 2023<br>Time: 10:00 a.m. |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on March 30, 2023 at 10:00 a.m., in Courtroom G of the above-entitled Court, located on the 15th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants CITY OF ANTIOCH and TAMMANY BROOKS ("defendants") will and hereby do move this Court for an Order dismissing the *Monell* allegations and Defendant TAMMANY BROOKS from the Complaint (Doc. 1), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that they fail to state a claim.[1] There are no facts to support a *Monell* liability, only a vague allegation to a pending investigation into the department.

---

[1] *Monell v. New York Dept. of Social Services*, 436 U.S. 658 (1978).

Defendant Brooks is named in his individual capacity; however, the Complaint does not allege that he was involved in (or even present for) the incident.

This Motion is based on this Notice of Motion, the Supporting Memorandum of Points and Authorities, all pleadings and papers on file in this action and any documents of which the Court may take judicial notice, and upon such further oral or written argument as may be presented at the time of the hearing or otherwise considered by the Court.

**MEET AND CONFER**

The parties met and conferred but could not resolve the issues discussed in this motion.

**STATEMENT OF RELIEF SOUGHT**

Defendants seek an order in its favor and against plaintiff pursuant to Federal Rules of Civil Procedure 12, dismissing certain portions of the plaintiff's Complaint.

Respectfully submitted,

Dated: February 3, 2023        CASTILLO, MORIARTY,
                               TRAN & ROBINSON, LLP


By:  */s/ John B. Robinson*
     PATRICK MORIARTY
     JOHN ROBINSON
     JOANNE TRAN
     Attorneys for Defendants
     CITY OF ANTIOCH AND TAMMANY
     BROOKS

## I. STATEMENT OF ISSUES TO BE DECIDED

This motion presents the following issues:

1. Whether plaintiffs sufficiently plead a claim under *Monell*; and

2. Whether defendant Tammany Brooks, named in his individual capacity, should be dismissed from all claims.

## II. INTRODUCTION

Plaintiff filed a federal lawsuit in the Northern District of California on December 1, 2022. He named the City of Antioch ("City"), Tammany Brooks ("Chief Brooks"), and DOES 1-50 as defendants. (Doc. 1). Chief Brooks is named in his individual capacity only. (Doc. 1).

Plaintiff alleges that DOE Antioch Police Department (APD) officers, unlawfully arrested him and used excessive force. Plaintiff does not allege that Chief Brooks was present. Plaintiff alleges without plausible factual support that the alleged Fourth Amendment violations were the direct result of an official City of Antioch (City) policy, practice, or custom. Defendants move to dismiss with prejudice the allegations for municipal liability under *Monell*. Defendants also move to dismiss Chief Brooks because he was not an integral participant in any alleged wrongdoing.

## III. THE COMPLAINT

### a. Incident-Related Factual Allegations

Plaintiff alleges that on September 17, 2021, he and "five to six" other "non-violent demonstrators protested the public retirement part of the controversial Antioch Chief of Police Tammany Brooks." (Doc. 1, ¶¶ 1, 13). Plaintiff does not allege that Chief Brooks participated in the alleged unlawful conduct.

Plaintiff and his fellow protesters were allegedly confronted by civilian "police supporters who were seemingly hell-bent on initiating a fight." (Doc. 1, ¶ 1). The "police supporters" allegedly insulted plaintiff. (Doc. 1, ¶ 1).

Plaintiff and his fellow protesters then engaged in a "physical altercation" with an unknown civilian "police supporter." (Doc. 1, ¶ 2). According to plaintiff, unknown Antioch Police officers at the scene "roughly grabb[ed]" one of plaintiff's fellow anti-police protesters and placed her under arrest. (Doc. 1, ¶ 3).

3

DEFENDANTS' MTD
3:22-CV-07558

Plaintiff alleged that he "bumped" into two unknown Antioch officers. (Doc. 1, ¶ 4). Officers allegedly "gang-tackled" him, "twisted his legs," and used a Taser. (Doc. 1, ¶¶ 4, 5, and 16).

### b. *Monell* Allegations

The only facts alleged in support of plaintiff's *Monell* cause of action are as follows:

> On information and belief, these Antioch Police Officers targeted the peaceful protesters at the instruction of Defendant Brooks and his high-ranking colleagues in the Antioch Police Department that had planned the party because the protesters were disrupting Defendant Brooks' retirement celebration. The Antioch Police Department has a troubling recent history of systemic unlawful conduct. Currently, 14% of Antioch Police Officers are under investigation by the Federal Bureau of Investigations and the Contra Costa County District Attorney for criminal activity. On information and belief, the Defendant Doe Officers' violations of Mr. Sterling's constitutional rights was motivated by the Antioch Police Department's culture of lack of accountability for officers who engage in unlawful conduct. (Doc. 1, ¶¶ 19-21).

## IV. ARGUMENT

### a. Standard of Review

A district court should grant a motion to dismiss if a plaintiff has not pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must possess more than "a formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id*. at 554. "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Thus, if a complaint only contains "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," the reviewing court may "draw on its experience and common sense" and dismiss the complaint because it does not "plausibly give rise to an entitlement to relief." *Id*. at 664.

### b. The Complaint Fails to State a Viable *Monell* Claim

A municipality cannot be held liable under §1983 solely because it employs a tortfeasor." *Gonzalez v. Cty. of Merced*, 289 F. Supp. 3d 1094 (E.D. Cal. 2017). A complaint "does not meet the pleading requirements of *Twombly* and *Iqbal*" where it "merely recites the

existence of unlawful policies, practices, and customs without supporting these conclusory allegations with specific facts." *J.K.G. v. County of San Diego*, No. 11-cv-305-JLS (RBB), 2011 U.S. Dist. LEXIS 126907, at *24 (S.D. Cal. Nov. 2, 2011); see also *Avelar v. Rodriguez*, No. cv-16-0471-VBF (AGR), 2019 U.S. Dist. LEXIS 125985, at *24 (C.D. Cal. Mar. 25, 2019) ("Plaintiffs... do not proffer facts supporting a plausible inference that the false allegations and fabricated evidence that were allegedly submitted... represent, or were done to, a County policy or custom.").

"[M]unicipalities may be liable under §1983 for constitutional injuries pursuant to (1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker." *Horton v. City of Santa Maria*, 915 F.3d 592, 602-22  603 (9th Cir. 2019).

### i. No Unconstitutional Policy

To the extent plaintiff is alleging a *Monell* violation based on an unconstitutional written policy, the allegation is conclusory. To state a *Monell* claim based on a written policy, plaintiff must identify the specific policy that he believes to be unlawful, and then articulate why adoption of that policy amounted to deliberate indifference (*i.e.*, why the City should have been on actual or constructive notice that the policy would lead to unconstitutional conduct). Plaintiff failed to do so. See *Iqbal*, 556 U.S. 678; see also *Adomako v. City of Fremont*, No. 17-cv-06386-DMR, 2018 U.S. Dist. LEXIS 82819, at *11 (N.D. Cal. May 16, 2018) (rejecting "conclusory, unspecific allegations" that a municipalities use of force policies and training were unconstitutional).

Plaintiff does not reference any APD policy. Thus, there is no support for a *Monell* claim based on an unconstitutional written policy.

### ii. No Unconstitutional Widespread Custom or Practice

This theory requires facts that a custom or practice was so widespread and persistent that it represented a "standard operative procedure." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). A municipal policy cannot be inferred from a single incident of alleged misconduct or "isolated or sporadic incidents." *City of Oklahoma v. Tuttle*, 471 U.S. 808 (1985); see also

*Gonzalez v. Cty. of Merced*, 289 F. Supp. 3d 1094 (E.D. Cal. 2017). Similarly, "[c]ontemporaneous or subsequent conduct cannot establish a pattern of violations that would provide notice to the municipality and the opportunity to conform to constitutional dictates, as required for liability." *Gonzalez*, *supra* at 1094. Instead, *Monell* liability "must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Id*.

Here, plaintiff relies exclusively on the underlying incident. Plaintiff does not mention any other examples, either pre-or-post incident, to prove that a widespread custom or culture existed on the date of the incident. The Complaint recites the *Monell* buzzwords. This is insufficient to prove *Monell* liability based on a widespread custom or practice of (or promoting) unconstitutional behavior.

### iii. No Inadequate Training or Supervision

An allegation that APD failed to adequately train, supervise, or discipline is also based entirely on the underlying incident. Plaintiff did not allege "a pattern of similar constitutional violations by untrained employees, nor ha[s he] alleged a total lack of training with consequences that were patently obvious. *Williams v. Cty. of Alameda*, 26 F. Supp. 3d 925, 946-47 (N.D. Cal. 2014). A single incident of deviant behavior does not demonstrate inadequate training. *Merritt v. County of Los Angeles*, 875 F.2d 765, 769 (9th Cir. 1989). "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick*, 563 U.S. at 62; see also *Marsh v. County of San Diego*, 680 F.3d 1148, 1159 (9th Cir. 2012) (holding that practice must be "widespread" and proof of a single inadequately trained employee was insufficient).

Allegations of inadequate training are governed by the standards set forth in *City of Canton v. Harris*, 489 U.S. 378 (1989); see also *Davis v. City of Ellensburg*, 869 F.2d 1230, 1235 (9th Cir. 1989). It is not enough for a plaintiff to show that better or more training could have averted harm, especially where the deficiency did not represent a conscious choice by defendant to expose plaintiff to injury. *Ting v. U.S.*, 927 F.2d 1504, 1512 (9th Cir. 1991). "[T]here must at least be an affirmative link between the training and adequacies alleged in the particular

constitutional violation at issue." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985).

Even if plaintiff could rely on alleged inadequate training, the inadequacy cannot be said to have been the legal cause of the constitutional violation. At best, plaintiff has adequate proof to suggest that APD was potentially negligent in adequately training the named officers. But mere negligence is not enough. *Doughtery v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). There is no evidence that APD's failure to train or implement adequate policies made it "highly predictable" that the APD officers would engage in conduct that would violate another's constitutional rights. See *Ninth Circuit Jury Instruction 9.8*.

For these reasons, the Complaint fails to adequately allege a *Monell* theory based on a failure to train or supervise.

### iv. No Failure to Investigate or Discipline

An isolated incident is not enough for a *Monell* violation under the theory that APD failed to investigate promptly or adequately. See *Merman v. City of Camden*, 824 F.Supp.2d 581, 591 (D.N.J. 2010); see also *Noble v. City of Camden*, 112 F.Supp.3d 208, 223 (D.N.J. 2015); see also *Clemmons v. City of Long Beach*, 379 F.App'x 639, 641 (9th Cir. 2010). Plaintiff did not allege that APD failed to investigate the incident or discipline the officers.

For these reasons, there is no viable *Monell* claim based on APD's failure to investigate or discipline any officer allegedly involved in this incident.

### v. No Ratification

To plead ratification, a plaintiff must allege facts that an "official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it." *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992). State law governs whether an official is a policymaker for purposed of *Monell*. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124 (1988) ("Authority to make municipal policy may be granted directly by a legislative enactment or may be delegated by an official who possesses such authority, and of course, whether an official had final policymaking authority is a question of state law" (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 483 (1986) (plurality opinion)). Plaintiff does not indicate who was the final policymaker.

1   Moreover, plaintiff does not state what unconstitutional behavior this unknown policymaker
2   ratified.
3         Assuming Chief Brooks is the alleged official policymaker, plaintiff must also prove that
4   the ratification, the act of approval, was (1) the cause in fact, and (2) the proximate cause of the
5   constitutional deprivation. *Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir.
6   1981). "A policymaker's knowledge of an unconstitutional act does not, by itself, constitute
7   ratification." *Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999). Instead, a ratification theory
8   of *Monell* requires the policymaker to make a "conscious, affirmative choice" to ratify the
9   unconstitutional conduct "from among various alternatives." *Gillette*, 970 F.2d at 1347; see also
10  *Barone v. City of Springfield*, 902 F.3d 1091, 1107 (9th Cir. 2018) (quoting *City of Okla. City v.
11  Tuttle*, 471 U.S. 808, 823 (1985)).
12        Plaintiff does not provide any facts to suggest that a final policymaker ratified the acts of
13  the DOE officers. A plaintiff must plead that a final policymaker "ratified a subordinate's
14  unconstitutional decision or action and the basis for it." *Gillette*, 979 F.2d at 1346-47 (emphasis
15  added); see also *Christie*, 176 F.3d 1231, at 1239 (citing *City of St. Louis v. Praprotnik*, 485 U.S.
16  112, 127 (1988). To comply, plaintiff must prove that the policymaker "made a deliberate choice
17  to endorse" the officer's actions. *Gillette*, 979 F.2d at 1347. Mere failure to overrule a
18  subordinate's actions, without more, is insufficient to support a ratification claim. *Christie*, 176
19  F.3d at 1239; see also *Clothier v. County of Contra Costa*, 591 F.3d 1232, 1253-54 (9th Cir.
20  2010). There are zero facts to indicate that any City official with final policymaking authority
21  "made a deliberate choice to endorse" an unconstitutional act or decision. *Id*.
22        A ratification theory also fails due to a lack of causation. "[T]o show that ratification was
23  a 'moving force' behind the constitutional deprivation, a plaintiff must demonstrate both
24  causation in fact and proximate causation." *Dizon v. City of S. San Francisco*, No. 18-cv-03733-
25  JST, 2018 WL 5023354, at *5 (N.D. Cal. Oct. 16, 2018) (citations omitted). Here, none of the
26  unknown policymaker's alleged ratification caused a constitutional violation. *Salvato v. Miley*,
27  790 F.3d 1286, 1297 (11th Cir. 2015); see also *James v. Harris County*, 508 F Supp.2d 535, 554
28  (S.D. Tex. 2007) ("[A] single failure to investigate an incident cannot have caused the incident.").

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

In *Salvato*, the Eleventh Circuit determined that a single incident of ratification fails unless plaintiff can show the policymaker "had an opportunity to review the subordinate's decision and agreed with both the decision and the decision's basis before a court can hold the government liable on a ratification theory." *Salvato*, 790 F.3d at 1296 (citing *Praprotnik*, 485 U.S. at 127).

For these reasons, the ratification claim against the City fails.

### c. Defendant Tammany Brooks Should Be Dismissed

Chief Brooks is named in his individual capacity only. Aside from serving as the Chief of Police, there are zero facts that Chief Brooks was involved in the incident. There are no factual allegations to support that Chief Brooks used, or participated in another's use of, force. The only claim against Chief Brooks is the *Monell* cause of action. Therefore, if the Court finds that the *Monell* claim fails, Chief Brooks must be dismissed. Even if the Court determines the *Monell* claim should survive, Chief Brooks would only be liable in his official capacity as Chief of Police.

## V.   CONCLUSION

Plaintiff's *Monell* cause of action and allegations to support liability on behalf of Tammany Brooks are based on legal conclusions. The Court need not accept legal conclusions, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

For these reasons, the defendants move to dismiss with prejudice all theories of *Monell* and Tammany Brooks from all claims.

Respectfully submitted,

Dated: February 3, 2023

CASTILLO, MORIARTY,
TRAN & ROBINSON, LLP

By: __/s/ John B. Robinson__
PATRICK MORIARTY
JOHN ROBINSON
JOANNE TRAN
Attorneys for Defendants
CITY OF ARCATA AND TAMMANY BROOKS