PATRICK MORIARTY, State Bar No. 213185
pmoriarty@cmtrlaw.com
JOHN ROBINSON, State Bar No. 297065
jrobinson@cmtrlaw.com
CASTILLO, MORIARTY, TRAN & ROBINSON
75 Southgate Avenue
Daly City, CA  94015
Telephone:       (415) 213-4098

Attorneys for Defendant
CITY OF ANTIOCH, BRANDON BUSHBY, STEVEN MILLER, GEOFFREY MORRIS, and RICARDO ANGELINI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK STERLING, an individual;<br><br>Plaintiff,<br><br>v.<br><br>CITY OF ANTIOCH, et al.<br><br>Defendants. | Case No. 3:22-cv-07558-TSH<br><br>**DEFENDANTS CITY OF ANTIOCH, BRANDON BUSHBY, STEVEN MILLER, GEOFFREY MORRIS, AND RICARDO ANGELINI'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Magistrate Judge Thomas S. Hixson |

Defendants CITY OF ANTIOCH, BRANDON BUSHBY, STEVEN MILLER, GEOFFREY MORRIS, and RICARDO ANGELINI, (hereinafter "Defendants") hereby respond to the allegations contained in the First Amended Complaint (Dkt. No. 22) filed by PLAINTIFF FRANK STERLING ("Plaintiff").

**INTRODUCTION**

1.  Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every allegation contained in Paragraph 1.

2.  Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every allegation contained in Paragraph 2.

1    3.    Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every allegation contained in Paragraph 3.

4.    Defendants admit that Plaintiff physically intervened. However, as to the remainder of Paragraph 4, Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every allegation contained in Paragraph 4.

5.    Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every allegation contained in Paragraph 5.

**JURISDICTION**

6.    Defendants neither admit nor deny the allegations in Paragraph 6 of Plaintiff's First Amended Complaint because it includes contentions and legal matters not proper for admission or denial, though Defendants admit that jurisdiction in this Court is proper at this time, as alleged in Paragraph 6.

**PARTIES**

7.    Defendants neither admit nor deny the allegations in Paragraph 6 of Plaintiff's First Amended Complaint because it includes contentions and legal matters not proper for admission or denial, though Defendants admit that jurisdiction in this Court is proper at this time, as alleged in Paragraph 7.

8.    Admit.

9.    Admit.

10.   Admit.

11.   Admit.

12.   Admit that Defendant Brian Rose was employed by the City of Antioch on September 17, 2021. Defendants have insufficient information or belief to enable them to answer the other allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every allegation contained in Paragraph 12.

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

1. 13.     Admit.

2. 14.     Admit that Defendant Nicholas Gaitan was employed by the City of Antioch on September 17, 2021. Defendants have insufficient information or belief to enable them to answer the other allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every allegation contained in Paragraph 14.

3. 15.     Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every allegation contained in Paragraph 15.

4. 16.     Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every allegation contained in Paragraph 16.

## FACTUAL ALLEGATIONS

17.     Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every allegation contained in Paragraph 17.

18.     Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every allegation contained in Paragraph 18.

19.     Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every allegation contained in Paragraph 19.

20.     Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every allegation contained in Paragraph 20.

21.     Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every allegation contained in Paragraph 21.

22.     Defendants have insufficient information or belief to enable them to answer said

1 allegations, and for that reason and basing their denial on that ground, deny both generally and
2 specifically, each and every allegation contained in Paragraph 22.

3   23.   Defendants have insufficient information or belief to enable them to answer said
4 allegations, and for that reason and basing their denial on that ground, deny both generally and
5 specifically, each and every allegation contained in Paragraph 23.

6   24.   Defendants have insufficient information or belief to enable them to answer said
7 allegations, and for that reason and basing their denial on that ground, deny both generally and
8 specifically, each and every allegation contained in Paragraph 24.

9   25.   Defendants have insufficient information or belief to enable them to answer said
10 allegations, and for that reason and basing their denial on that ground, deny both generally and
11 specifically, each and every allegation contained in Paragraph 25.

12   26.   Defendants have insufficient information or belief to enable them to answer said
13 allegations, and for that reason and basing their denial on that ground, deny both generally and
14 specifically, each and every allegation contained in Paragraph 26.

15   27.   Defendants have insufficient information or belief to enable them to answer said
16 allegations, and for that reason and basing their denial on that ground, deny both generally and
17 specifically, each and every allegation contained in Paragraph 27.

18   28.   Defendants have insufficient information or belief to enable them to answer said
19 allegations, and for that reason and basing their denial on that ground, deny both generally and
20 specifically, each and every allegation contained in Paragraph 28.

21   29.   Defendants have insufficient information or belief to enable them to answer said
22 allegations, and for that reason and basing their denial on that ground, deny both generally and
23 specifically, each and every allegation contained in Paragraph 29.

24   30.   Defendants have insufficient information or belief to enable them to answer said
25 allegations, and for that reason and basing their denial on that ground, deny both generally and
26 specifically, each and every allegation contained in Paragraph 30.

27                              **MONELL ALLEGATIONS**

28   31.   Defendants have insufficient information or belief to enable them to answer said

1  allegations, and for that reason and basing their denial on that ground, deny both generally and
2  specifically, each and every allegation contained in Paragraph 31.

3        32.    Defendants have insufficient information or belief to enable them to answer said
4  allegations, and for that reason and basing their denial on that ground, deny both generally and
5  specifically, each and every allegation contained in Paragraph 32.

6        33.    Defendants have insufficient information or belief to enable them to answer said
7  allegations, and for that reason and basing their denial on that ground, deny both generally and
8  specifically, each and every allegation contained in Paragraph 33.

9        34.    Defendants have insufficient information or belief to enable them to answer said
10 allegations, and for that reason and basing their denial on that ground, deny both generally and
11 specifically, each and every allegation contained in Paragraph 34.

12       35.    Defendants have insufficient information or belief to enable them to answer said
13 allegations, and for that reason and basing their denial on that ground, deny both generally and
14 specifically, each and every allegation contained in Paragraph 35.

15       36.    Defendants have insufficient information or belief to enable them to answer said
16 allegations, and for that reason and basing their denial on that ground, deny both generally and
17 specifically, each and every allegation contained in Paragraph 36.

18       37.    Defendants have insufficient information or belief to enable them to answer said
19 allegations, and for that reason and basing their denial on that ground, deny both generally and
20 specifically, each and every allegation contained in Paragraph 37.

21       38.    Defendants have insufficient information or belief to enable them to answer said
22 allegations, and for that reason and basing their denial on that ground, deny both generally and
23 specifically, each and every allegation contained in Paragraph 38.

24       39.    Defendants have insufficient information or belief to enable them to answer said
25 allegations, and for that reason and basing their denial on that ground, deny both generally and
26 specifically, each and every allegation contained in Paragraph 39.

27       40.    Defendants have insufficient information or belief to enable them to answer said
28 allegations, and for that reason and basing their denial on that ground, deny both generally and

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

1  specifically, each and every allegation contained in Paragraph 40.

## DAMAGES

3  41.  Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every allegation contained in Paragraph 41.

42.  Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every allegation contained in Paragraph 42.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(**First Amendment—Retaliatory Arrest & Force)
*(Plaintiff against Defendants BUSHBY, ANGELINI, MILLER, MORRIS, ROSE, GAITAN and DOES 1-50)*

43.  In answering Paragraphs 43 through 47, Defendants incorporate by reference its responses to each and every paragraph of the First Amended Complaint.

44.  Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every allegation contained in Paragraph 44.

45.  Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every allegation contained in Paragraph 45.

46.  Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every allegation contained in Paragraph 46.

47.  Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every allegation contained in Paragraph 47.

## SECOND CAUSE OF ACTION
**(Fourth Amendment—Excessive Force)**

*(Plaintiff against Defendants BUSHBY, ANGELINI, MILLER, MORRIS, ROSE, GAITAN and DOES 1-50)*

48. In answering Paragraphs 48 through 51, Defendants incorporate by reference its responses to each and every paragraph of the First Amended Complaint.

49. Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every allegation contained in Paragraph 49.

50. Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every allegation contained in Paragraph 50.

51. Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every allegation contained in Paragraph 51.

## THIRD CAUSE OF ACTION
**(Supervisory and Municipal Liability for Unconstitutional Custom or Policy (Monell)—42 U.S.C. section 1983)**

*(Plaintiff against Defendants CITY and DOES 1-50)*

52. In answering Paragraphs 52 through 55, Defendants incorporates by reference its responses to each and every paragraph of the First Amended Complaint.

53. Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every allegation contained in Paragraph 53.

54. Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every allegation contained in Paragraph 54.

55. Defendants have insufficient information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and

specifically, each and every allegation contained in Paragraph 55.

## JURY DEMAND

56. Plaintiff has demanded a jury trial. Defendant also demands a jury trial.

## PRAYER

57. Defendant neither admits or denies the allegations in the "Prayer" portion of Plaintiff's Complaint, which includes six subparts, as they include contentions and legal matters not proper for admission or denial.

## AFFIRMATIVE DEFENSES

1. AS FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants alleges that Plaintiff's First Amended Complaint fails to state cognizable legal theories and/or facts sufficient to constitute cognizable legal theories against Defendants.

2. AS FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff failed to state facts sufficient to support a prayer for punitive damages and/or exemplary damages against any Defendant.

3. AS FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants alleges that Plaintiff has full knowledge of all the risks, dangers, and hazards, if any there were, and nevertheless voluntarily and with full appreciation of the amount of danger involved in his actions and the magnitude of the risk involved, assumed the risk of injuries and damages to himself.

4. AS FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that at all times and places mentioned in Plaintiff's First Amended Complaint, Plaintiff failed to mitigate the amount of his damages, if any. The damages claimed by Plaintiff could have been mitigated by due diligence on his part or by one acting under similar circumstances. Plaintiff's failure to mitigate is a bar or limit to his recovery under the Complaint.

5. AS FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the sole proximate cause of the injuries and damages, if any, allegedly suffered by Plaintiff was the negligence and fault of the Plaintiff and/or others, or on the part of any person or entity for whose acts or omissions Defendants are not legally or otherwise responsible, or, in the

1 alternative, that the negligence and fault of the Plaintiff and/or others in and about the matters
2 alleged in the First Amended Complaint herein proximately contributed to the happening of the
3 incident and to the injuries, loss and damages complained of, if any there were, and said
4 negligence on the part of Plaintiff or others requires that any damages awarded to Plaintiff shall
5 be diminished in proportion to the amount of fault attached to the Plaintiff and/or others.

6. AS FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff, by virtue of his own conduct and omissions, has enhanced and materially contributed to the damages, if any there may be, allegedly sustained by Plaintiff as a result of the acts or omissions complained of herein.

7. AS FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that at all times herein mentioned, the acts complained of, it any there were, were privileged under applicable federal and state statues and/or case law.

8. AS FOR AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that at all times herein mentioned, Defendants are immune from liability herein pursuant to the provisions of California Government Code Sections 810 through 996.6.

9. AS FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that at all times herein mentioned, all actions taken by the Defendants (and/or any other officers named herein at any time) were reasonable under the circumstances and taken under a good faith belief that the actions were not unlawful and the Defendants are therefore immune under the "good faith immunity" and/or qualified immunity doctrine.

10. AS FOR A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Defendants shall only be responsible for damages, if any, in an amount determined pursuant to and in accordance with Proposition 51 (Civil Code § 1431.2).

11. AS FOR AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that the alleged acts or omissions of the Defendants (and/or any if officers named herein at any time) was based upon the Defendants and/or other officer's reasonable cause to believe that they had reasonable suspicion to detain and/or probable cause to arrest the Plaintiff and the Defendants and/or other officers used reasonable force to effect the detention and/or

1  arrest to prevent the escape and overcome the resistance of the Plaintiff, and for the safety of the
2  lives of themselves and others; and the Defendants are immune by virtue of the provisions of
3  Section 836.5(a) and 836.5(b) of the Penal Code.

4      12.    AS FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE,
5  Defendants allege that only such reasonable force as was necessary and lawful under the
6  circumstances was used by the Defendant and/or other officers.

7      13.    AS FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,
8  Defendants allege that to the extent Plaintiff alleges or asserts matters not contained in a legally
9  sufficient claim filed by him, this action is barred by the claims requirement set forth in California
10 Government Code § 905 et. seq.

11     14.    AS FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,
12 Defendants allege that the City did not fail to investigate, fail to discipline, or fail to adequately
13 train Antioch Police Department officers. Furthermore, the City of Antioch did not employ a
14 pattern or practice of condoning constitutional violations that caused the allege constitutional
15 violation pursuant to *Monell*, as alleged in Plaintiff's First Amended Complaint.

16     15.    AS FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,
17 Defendants allege that Plaintiff had failed to state a cause of action in that each of the causes of
18 action as alleged herein is barred by provisions of Sections 312 through 362 of the California
19 Code of Civil Procedure.

20     16.    AS FOR A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,
21 Defendants allege that the Defendant's actions were objectively reasonable and/or lawfully
22 reasonable based upon the totality of circumstances facing Defendants and/or other officers at the
23 time of incident involving Plaintiff.

24     17.    AS FOR A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE,
25 Defendants allege that Plaintiff, himself, was resistive, violent, combative, threatening, and/or
26 furtive towards the peace officers, and Defendants and/or other officers acted in self-defense
27 and/or per their sworn duty, in relation to any claimed improper use of force.
28 ///

1    18.    AS FOR AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that Defendants are immune from liability herein pursuant to the absolute privilege of Civil Code § 47(b).

19.    AS FOR A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege several defendant officers are immune from liability as other officers involved in this incident were lawfully contacting Plaintiff and certain defendant officers intervened in an ongoing struggle per his sworn duty, among other grounds.

20.    AS FOR A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, Defendants allege that they were not aware of any speech with regard to Plaintiff that formed the basis of his contact and/or arrest by other officers, nor any retaliation against Plaintiff, and Defendants believes there was reasonable suspicion to detain and/or probable cause to arrest Plaintiff, so Plaintiff cannot make out a First Amendment claim.

21.    AS FOR A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, Defendant alleges that because the Complaint is couched in conclusory terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable to this matter. Accordingly, the right to assert separate affirmative defenses, if and to the extent such affirmative defenses are applicable, is hereby reserved.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for the following relief:

1. The Plaintiff take nothing by way of his Complaint herein;
2. For costs of suit;
3. For attorney's fees;
4. For such further relief as this Court may deem just and proper.

///
///
///
///

Dated: August 7, 2023

Respectfully submitted,

CASTILLO, MORIARTY,
TRAN & ROBINSON, LLP

By: */s/ John B. Robinson*
PATRICK MORIARTY
JOHN ROBINSON
Attorneys for Defendants
CITY OF ANTIOCH, BRANDON BUSHBY, STEVEN MILLER, GEOFFREY MORRIS, and RICARDO ANGELINI